Frank A. CARTER, Jr., Chief
Disciplinary Counsel

v.

John E. FORNARO, Jr.

No. 83–44–M.P.

Supreme Court of Rhode Island.

Feb. 1, 1983.

Frank A. Carter, Jr., pro se.
John E. Fornaro, Jr., pro se.

## ORDER

On Thursday, January 20, 1983, the respondent, a member of the Bar of this state, appeared before this court to show cause why he should not be disciplined because of his failure to respond to reasonable requests of the disciplinary counsel as required by our Rule 42–6(e) as well as his failure to register with the Clerk of this court as mandated by our Rule 45.

On April 1, 1982, disciplinary counsel received a complaint in which a disgruntled client complained about respondent's failure to do anything with various matters referred to him during the preceding five years. The client also sought the assistance of the disciplinary counsel in having "my cases returned to me." On April 5 counsel wrote to respondent and asked him to respond to the complaint. Three weeks later he sent another request for a response to the complaint. On May 6 respondent filed a response in which he said that he could understand his client's displeasure and would comply "with whatever wishes you or he express at this time."

In a letter dated May 25 disciplinary counsel again reminded respondent of the outstanding complaint and asked him to take the necessary steps to comply with his client's request. The record indicates that on August 5, October 12, and November 15 disciplinary counsel wrote to respondent and on each occasion asked him to either comply with the previous turn-over request or contact counsel and explain his failure to respond to the previous correspondence sent him relative to his client's complaint. Finally, on November 17, respondent informed disciplinary counsel that the materials requested by the complainant had been returned to him.

The respondent's belated response is no excuse. The expeditious disposition of complaints lodged against attorneys is one of the primary purposes of the disciplinary framework spelled out in our rules. Any attorney who chooses to ignore the duty to respond to the disciplinary counsel's reasonable requests does so at his or her peril. What we have said about the duty to respond can also be repeated when considering an attorney's obligation to annually register with the Clerk of this court. The respondent's conduct is deserving of public censure.

Accordingly, it is hereby ordered, adjudged, and decreed that John E. Fornaro, Jr. is hereby reprimanded for indulging in the practices described above.